UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STRATTON FAXON, : | |
|     Plaintiff : | |
| : | |
| : | |
| v. : | No. 3:06cv743 (MRK) |
| : | |
| : | |
| NATIONAL MUTUAL : | |
| INSURANCE COMPANY, : | |
|     Defendant : | |

**RULING AND ORDER**

This case arises from Defendant Nationwide Mutual Insurance Company's ("Nationwide") refusal to pay a claim of its insured, Office Link, which erased Plaintiff Stratton Faxon's computer data while servicing its copy machine. Stratton Faxon settled the claim with Office Link for $50,000, but Nationwide continued to deny the claim, apparently on the ground that Office Link's policy did not cover damage to intangible property and that the damage to the computer data constituted intangible property. Stratton Faxon now sues Nationwide to enforce the settlement under Conn. Gen. Stat. § 38a-321. The Complaint [doc. # 1] consists of three counts: breach of the insurance contract; breach of the covenant or good faith and fair dealing; and a violation of Connecticut's Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. § 42-110a, *et seq.*, which in turn is founded on a violation of Connecticut's Unfair Insurance Practices Act (CUIPA), Conn. Gen. Stat. § 38a-816. Currently pending before the Court are Defendant's Motion to Dismiss [doc. # 10], Motion for Severance [doc. # 11], and Motion for Stay [doc. # 14]. The Court denies these motions without prejudice to renewal, if necessary.

The Motion to Dismiss is directed to the Second and Third Counts of the Complaint [doc. # 1], which allege a breach of the obligation of good faith and fair dealing and a violation of CUTPA/CUIPA. Specifically, Nationwide asserts that the allegations of the good faith and fair

dealing claim are inadequate because the Complaint does not plead any facts that would permit a trier of fact to conclude that Nationwide acted in bad faith.  As Nationwide points out, refusal to pay a claim, in and of itself, does not constitute bad faith.  *See, e.g.*, *Buckman v. People Express, Inc.*, 205 Conn. 166, 171 (1987).  Regarding the CUTPA claim, Nationwide notes that Stratton Faxon does not allege a pattern of improper conduct by Nationwide and that Connecticut courts hold that "improper conduct in the handling of a single insurance claim, without any evidence of misconduct by the defendant in the processing of any other claim," does not give rise to liability under CUTPA and CUIPA.  *Lees v. Middlesex Ins. Co.*, 229 Conn. 842, 849 (1994); *see, e.g., Heyman Assocs. No. 1 v. Ins. Co. of the State of Pa.*, 231 Conn. 756, 796 (1995).

   Stratton Faxon wisely does not contest Nationwide's statement of Connecticut law.  Instead, the firm argues that the federal rules are based on the concept of notice pleading and that Nationwide should obtain the facts that support Stratton Faxon's claims through the discovery process.  *See, e.g.*, *Conn. Indep. Util. Workers, Local 12924 v. Conn. Natural Gas Co.*, No. 3:05cv1553 (MRK), 2006 WL 1600673, at *2 (D. Conn. June 7, 2006).  While Stratton Faxon is entirely correct that notice pleading governs in federal court, its Complaint is devoid of *any* facts that would support a bad faith or CUTPA/CUIPA claim.  Indeed, the sole basis of all of the legal claims asserted in the Complaint is the mere denial of a single insurance claim by Nationwide.  As Stratton Faxon well knows, such allegations are insufficient, even under the liberal notice regime of the federal courts.  *See, e.g.*, *Bepko v. St. Paul Fire and Marine Ins. Co.*, No. 3:04 CV 01996 (PCD), 2005 WL 3619253, at *3-4 (D. Conn. Nov. 10, 2005) (in a case in which Stratton Faxon represented the plaintiff in an insurance coverage action, the District Court granted a motion to dismiss in part because "[s]ome factual allegation in the pleadings, even a minor one, of bad faith, is necessary to put Defendant on notice," and because "[p]laintiff [has] not alleged that [defendant insurer's] challenged settlement practices

are a routine business practice").

In its opposition to Nationwide's motion, Stratton Faxon alleges that Nationwide failed adequately to investigate the claim, unfairly denied Office Link a defense, and that Nationwide's conduct with regard to Office Link represents the insurance company's general practice regarding similar claims. Notably, however, Stratton Faxon has not made any such allegations in its Complaint, perhaps by way of oversight or perhaps because of the strictures of Rule 11. Either way, the Court concludes that the best course of action at the moment is to allow Stratton Faxon an opportunity to amend its Complaint to address the defects noted in the Motion to Dismiss and this ruling. If Stratton Faxon is unable to cure those defects, Nationwide may renew its motion.

Accordingly, the Court DENIES WITHOUT PREJUDICE Nationwide's Motion to Dismiss [doc. # 10]. Stratton Faxon shall have until **August 18, 2006** to file an amended Complaint. Nationwide may renew its Motion to Dismiss if Stratton Faxon fails to remedy the defects in its Complaint, although the Court cautions Nationwide that the standards on a motion to dismiss are stringent and that a motion to dismiss is not the vehicle to try the factual issues in a case. The Court also DENIES WITHOUT PREJUDICE both of Nationwide's Motions for Severance and Stay [doc. # 11 and doc. # 14]. Even if Stratton Faxon re-alleges the Second and Third Counts, the Court believes that it can address the issues raised in Nationwide's motion through case management of discovery and scheduling and if necessary, bifurcation at the time of trial. Therefore, Nationwide's motion is denied as premature.

                                            IT IS SO ORDERED,

                                    /s/      Mark R. Kravitz
                                        United States District Judge

Dated at New Haven, Connecticut: **July 26, 2006**.